STATE OF LOUISIANA                          NO. 24-K-363

VERSUS                                      FIFTH CIRCUIT

DAVON GILMORE                               COURT OF APPEAL

                                            STATE OF LOUISIANA


FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

                    August 15, 2024

                   Linda Wiseman
                   First Deputy Clerk


**IN RE** DAVON GILMORE

---

**APPLYING FOR**  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE R. CHRISTOPHER COX, III, DIVISION "B", NUMBER 22-2656

---

Panel composed of Judges Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel


**WRIT DENIED**

Relator/Defendant, Davon Gilmore, seeks supervisory review of the trial court's July 11, 2024 ruling which granted the State's "404(B)"[1] motion and the trial court's July 22, 2024 ruling, which denied relator's motion to sever.  In his application, relator also seeks a stay of the trial, currently set for August 19, 2024.

On June 16, 2022, a Jefferson Parish Grand Jury returned a true bill of indictment charging relator with the second-degree murder of Ahmad Howard in violation of La. R.S. 14:30.1, that occurred on or about February 21, 2022.  Also charged in the bill of indictment with second degree murder are Orlando Washington and Daveon Gilmore.

The State filed a notice of intent seeking to introduce at trial three YouTube videos, text messages and a photograph as *res gestae* and/or La. C.E. art. 404(B) evidence to establish relator's association with a gang known as the "Betty Street Youngins" (BSY) a/k/a "Drizzy Block," and to establish Ahmad Howard was killed in a gang retaliation murder.  Attached to the State's notice were three exhibits: two reports authored by the Jefferson Parish Sheriff's Office (JPSO) and

---

[1] La. C. E. art. 404 provides in pertinent part:
B. Other crimes, wrongs, or acts; creative or artistic expression. (1)(a) Except as provided in Article 412 or as otherwise provided by law, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

1

a USB port containing three YouTube videos and a still photo allegedly of the defendants. After a hearing on July 11, 2024, the trial court ruled the evidence admissible at trial. This timely writ application followed.

In his writ application, relator argues the trial court's granting of the State's motion was an abuse of its discretion. Relator avers the State intends to argue that the murder of Mr. Howard was in retaliation for the murder of Jamarian Price, a BSY member, who was killed nine days earlier. He contends the evidence is not *res gestae* evidence and does not satisfy admission as La. C.E. art. 404(B). The focus of relator's argument is that State's evidence fails to establish his association with BSY and its introduction will be unfairly prejudicial.

Submitted with relator's writ application is the July 11, 2024 minute entry, which shows that State's Exhibit 1(the JPSO investigative report B-08071-22), State's Exhibit 2 (the JPSO investigative report B-14156-22), and State's Exhibit 3 (the USB jump drive) were admitted into evidence for record purposes only. Relator provided this Court with State's Exhibit 2, which quotes the text messages at issue. However, he did not provide this Court with Exhibit 3, containing the disputed videos.

Rule 4-5 (C)(8) of the Uniform Rules-Courts of Appeal requires the applicant to include a copy of each pleading on which the ruling was founded. Upon review, we find relator's writ application is deficient. Relator's failure to provide the objectionable evidence on which his writ application is based does not comply with Rule 4-5, and we are unable to adequately review relator's request for relief. *See State v. Every*, 19-40 (La. App. 5 Cir. 5/23/19), 274 So. 3d 770, 785, *writ denied*, 19-1048 (La. 10/1/10), 280 So. 3d 159, (relator's request to exclude evidence obtained during search of mobile phone was denied on the showing made due to failure to provide a copy of the affidavit supporting the search warrant at issue.). Accordingly, the writ application is denied on the showing made with respect to the videos at issue.

To the extent relator's writ application addresses the text messages, we find that the trial court did not abuse its discretion by ruling the text messages admissible as proof of motive under La. C.E. art. 404(B) and *res gestae*.

As to relator's motion to sever, he argues the trial court abused its discretion by denying his motion to sever his trial. Relator argues his trial defense will be adversarial to his co-defendants. La. C.Cr.P. art. 704 provides the following regarding severance:

> Jointly indicted defendants shall be tried jointly unless:
> (1) The state elects to try them separately; or
> (2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance.

A severance is necessary if the defenses of the co-defendants are mutually antagonistic to the extent that one co-defendant attempts to blame the other, causing each defendant to defend against both his co-defendant and the State. *State v. Prudholm*, 446 So. 2d. 729 (La. 1984); *State v. Condley*, 04-1349 (La. App. 5 Cir. 5/31/05), 904 So. 2d 881,890, *writ denied*, 05-1760 (La. 2/10/06), 924 So. 2d 163). The defendant bears the burden of proof in a motion to sever. *State v.*

*Jackson,* 03-883 (La. App. 5 Cir. 4/27/04), 880 So. 2d 841, *writ denied*, 04-1298 (La. 10/29/04), 885 So. 2d 585. The mere unsupported allegation that defenses will be antagonistic is not sufficient to require a severance. *Prudholm*, 446 So.2d at 741 .

In this instance, relator primarily argues that his trial defense will be adversarial to his co-defendants due to remarks made during the July 22, 2024 motion to sever hearing. However, relator failed to provide the transcript of the July 22nd hearing. Based on what has been presented in this writ application, we are unable to adequately review whether the trial court abused its discretion in denying relator's motion to sever.

Accordingly, the writ application is denied on the showing made and the request for stay is denied.

Gretna, Louisiana, this 15th day of August, 2024.

**TSM**
**MEJ**
**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **08/15/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-363**

**E-NOTIFIED**

24th Judicial District Court (Clerk)
R. Christopher Cox, III (DISTRICT JUDGE)
Thomas J. Butler (Respondent)                Autumn A. Town (Relator)

**MAILED**